UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID L. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13CV42 CDP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff David Hunt filed this case on May 23, 2013, appealing the denial of his application for Supplemental Security Income. I reversed and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on August 18, 2014.

Plaintiff now seeks attorney's fees in the amount of $4,030.15, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendant has no objection to the payment of the amount requested. Because plaintiff prevailed and is not otherwise precluded from recovering attorney's fees and costs, I find that plaintiff is entitled to an award in the amount requested.

Plaintiff has assigned his right to EAJA fees to his attorney (Doc. 30-3), and therefore requests that they be paid to counsel. However, under *Astrue v. Ratliff*,

130 S. Ct. 2521, 2524 (2010), fees should be made payable to a plaintiff, not his attorney, so that they may be used to offset any preexisting debt plaintiff may have to the United States.  In response to plaintiff's request, Social Security Acting Commissioner Colvin states that she will first verify whether plaintiff has a debt to be satisfied, and if not, will make the award payable to plaintiff's attorney.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees [#30] is GRANTED, and defendant shall pay plaintiff $4,030.15 in attorney's fees. Defendant will verify whether plaintiff has a preexisting debt to the United States, and if not, will make the fee award payable to plaintiff's counsel.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2014.